IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION—IN ADMIRALTY
No. 2:22-CV-40-FL

IN THE MATTER OF THE COMPLAINT      )
OF COUNTRY GIRL CHARTERS, INC.,     )
AS OWNER OF THE FISHING VESSEL      )          **ORDER**
COUNTRY GIRL                        )

This matter is before the court on the motion for entry of default [D.E. 14] filed by
Limitation Plaintiff COUNTRY GIRL CHARTERS, Inc.

Limitation Plaintiff initiated this action by filing a complaint under the Shipowner's
Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the "Limitation Act") and Rule F of the
Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture seeking exoneration
from or limitation of liability for claims arising out of the voyage of the F/V COUNTRY GIRL
("the Vessel") on June 9, 2021. In accordance with Rule F, Limitation Plaintiff filed a proposed
order of publication and stay [D.E. 1-3] and as an exhibit, a notice of complaint in admiralty for
exoneration from or limitation of liability [D.E. 1-2]. The notice bore the typewritten "signature"
of the prior clerk of court for this district.

On October 17, 2022, the court issued the order of publication and stay [D.E. 8] which,
*inter alia*, restrained the commencement or prosecution of any actions or suits against Limitation
Plaintiff and the Vessel arising out of the June 9, 2021 voyage. The court specifically ordered that
"a notice issue out of this Court" to all persons claiming damages arising out of the June 9, 2021,
voyage, directing them to file their respective claims with the clerk of court and serve Limitation
Plaintiff with a copy thereof on or before November 28, 2022. [D.E. 8] at 1. The order further
provided that "notice be published in the News and Observer newspaper" and that Limitation
Plaintiff "mail a copy of said notice to every person known to have made any claim against

COUNTRY GIRLS CHARTERS, INC." arising out of the voyage. [D.E. 8] at 2. Following the docketing of the order of publication and stay, however, the clerk of court did not issue a notice.

On November 17, 2022, Limitation Plaintiff filed a notice of filing of affidavit of publication [D.E. 12]. Thereafter, on November 30, 2022, Limitation Plaintiff filed a "notice regarding order of publication" [D.E. 13]. The notice is identical to the exhibit notice attached to the complaint, including bearing the typewritten signature of the prior clerk of court, except it is dated October 17, 2022. That same date, the Limitation Plaintiff filed a motion for entry of default [D.E. 14], seeing entry of default against non-appearing parties and non-asserted claims.

In the motion for entry of default, Limitation Plaintiff states that it published notice of this action as required by the order of publication and stay [D.E. 8] and Supplemental Rule 4(f). [D.E. 14] ¶ 2. Limitation Plaintiff also states that a "Notice of Complaint in Admiralty for Exoneration from or Limitation of Liability ("Notice") was duly issued in the name of t[sic] the Clerk on October 17, 2022 (DE-13), giving notice to '(a)ll persons having claims' with respect to the voyage of the COUNTRY GIRL on June 9, 2021, while the vessel was on the navigable waters of the United States." [D.E. 14] ¶ 3. Limitation Plaintiff states it served the attorney for the one known potential claimant with the notice, and attaches as an exhibit a copy of the letter and enclosures mailed to the attorney. [D.E. 14-1]. The enclosures include a copy of the complaint in admiralty, order accepting security, order of publication and stay, and notice of complaint in admiralty. The first three documents all bear the footer showing that the documents were filed in the court's CM/ECF system. The fourth document, because it was not issued from the court, does not bear that footer.

Limitation Plaintiff's motion for entry of default must be denied for two reasons. First, the motion was not served on the one known allegedly defaulted party—the potential claimant—as

required by this court's local rules. *See* Local Civil Rule 55.1(a) (providing that a party moving for entry of default must serve the party against whom default is sought with the motion). Second, Limitation Plaintiff has not complied with Supplemental Rule F(4). That rule provides, in pertinent part, that when a vessel owner complies the requirements of the rule, "*the court shall issue* a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." The rule further provides: "The plaintiff . . . shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Here, Limitation Plaintiff served the known claimant with a notice of its own making, and not one issued by the court. Because Supplemental Rule F(4) has not been satisfied, the motion for entry of default is DENIED.

Supplemental Rule F(4) allows the court, for good cause shown, to enlarge time period for filing claims. This constituting good cause, it is ordered that the time period for filing claims is extended to January 30, 2023. The clerk is directed to issue the notice required by the order of publication and stay [D.E. 8] in substantially the same form as the exhibit [D.E. 1-2] filed by Limitation Plaintiff, except with the deadline for claims being specified as January 30, 2022. Limitation Plaintiff must mail a copy of the notice issued by the clerk to the known potential claimant on or before December 31, 2022.

SO ORDERED, this the 20th day of December, 2022

LOUISE W. FLANAGAN
United States District Judge

3